680 F.2d 83
 Fed. Sec. L. Rep. P 98,746
NATIONAL MEDICAL ENTERPRISES, INC., a Nevada corporation,
Plaintiff/Appellee,
v.
Sherwin A. SMALL, Defendant/Appellant.
NATIONAL MEDICAL ENTERPRISES, INC., a Nevada corporation,
Plaintiff/Appellee,
v.
Paul F. AVARD, Defendant/Appellant.
 Nos. 81-5286, 81-5404.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 5, 1982.
Decided June 25, 1982.
 
 Douglas L. Thorpe, Johnsen, Manfredi & Thorpe, P. C., Los Angeles, Cal., for Small and Avard.
 Daniel H. Lidman, Ervin, Cohen & Jessup, Beverly Hills, Cal., for National Medical, etc.
 Appeal from the United States District Court for the Central District of California.
 Before BROWNING, Chief Judge, and TANG and FARRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 National Medical Enterprises brought these actions in district court seeking to recover short-swing profits two of its officers earned on the purchase and sale of National Medical's securities. The claim was made pursuant to section 16(b) of the Securities and Exchange Act of 1934. 15 U.S.C. § 78p(b). Based on stipulated facts, the district court granted summary judgments in favor of National Medical Enterprises and determined that Sherwin Small and Paul Avard were "officers" within the meaning of section 16(b). Both Small and Avard appeal. The cases were consolidated on appeal pursuant to 28 U.S.C. § 1291.
 
 
 2
 Small and Avard are Senior Executive Vice-Presidents of National Medical in charge of different departments. Section 16(b) provides that a director, officer, or beneficial owner of more than 10% of a corporation's shares, is liable for any profit realized by virtue of any purchase and sale (or sale and purchase) of any equity security of the corporation within any six-month period. Section 16 was designed to prevent insiders from taking advantage of their positions to realize profits on non-public information. In designing section 16, "Congress chose a relatively arbitrary rule capable of easy administration." Reliance Electric Co. v. Emerson Electric Co., 404 U.S. 418, 422, 92 S.Ct. 596, 599, 30 L.Ed.2d 575 (1972), quoting Bershad v. McDonough, 428 F.2d 693, 696 (7th Cir. 1970). It does not matter whether the insider actually received the information, or utilized it; his mere status makes him liable. See Blau v. Max Factor & Co., 342 F.2d 304, 307 n.6 (9th Cir.), cert. denied, 382 U.S. 892, 86 S.Ct. 180, 15 L.Ed.2d 150 (1965); Rheem Mfg. Co. v. Rheem, 295 F.2d 473, 475 (9th Cir. 1961). Section 16 presupposes that an officer is in a position where he can gain access to inside information. See Allis-Chalmers Mfg. Co. v. Gulf & Western Industries, Inc., 527 F.2d 335, 347-48 (7th Cir. 1975), cert. denied, 423 U.S. 1078, 96 S.Ct. 865, 47 L.Ed.2d 89 (1976). Here, the district court properly held that Small and Avard are officers for purposes of section 16(b).
 
 
 3
 The defendants mistakenly rely on Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Livingston, 566 F.2d 1119 (9th Cir. 1978), to argue that although they are officers of National Medical, they did not have access to material inside information and therefore should not be considered Section 16(b) "officers." Whether an individual is an "officer" for purposes of section 16(b) is determined by the title that he holds, with a very limited exception applicable only where the title is essentially honorary or ceremonial. See Merrill Lynch v. Livingston, 566 F.2d at 1122. This exception does not open the door to a detailed factual inquiry in each case as to the officer's actual access to confidential information relevant to the market value of the company's securities. Small and Avard were not honorary officers but were members of National Medical's management. The district court properly held that Small and Avard, as Senior Executive Vice-Presidents, were "officers" within the meaning of section 16(b).
 
 
 4
 AFFIRMED.